[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiff husband against the defendant wife seeking dissolution of their marriage on the grounds of irretrievable breakdown and other relief. The defendant filed a cross complaint dated March 19, 1996. Trial in the matter has been delayed by several efforts at reconciliation made by the parties.
At trial, the parties appeared with counsel and offered evidence including their testimony, documentary exhibits, and financial affidavits. They also submitted written proposed orders. The parties stipulated to certain orders, and the court will reference those stipulations in entering orders.
Based upon the evidence, the court finds as follows. The wife, whose name was Shrimatee Isri, and the husband were intermarried in Hartford, Connecticut on December 29, 1978. At the time of the marriage, the wife had a daughter, Thelma, who was subsequently adopted by the husband. Thelma is now twenty six. The parties had a son, Andrew, who is now nineteen, and a daughter, Melissa, who was born on June 12, 1982 and is the only minor child of the parties. The court has jurisdiction, and all statutory stays have expired. The marriage has broken down irretrievably, and the same is hereby dissolved.
Pursuant to their stipulation, the parties shall have joint legal custody of Melissa. The child shall reside primarily with the defendant, subject to liberal parenting opportunities and responsibilities in the plaintiff. The court finds that the parent-child relationship between Melissa and her father is strained because of the child's anger toward him, but also finds that the defendant has not effectively assisted the child in CT Page 13487 restoring that relationship. The parties are ordered to cooperate in obtaining appropriate counseling and therapy for the child to assist her in re-establishing a parental relationship with her father. Both parties are ordered to facilitate, encourage, and support the re-establishment of that relationship, and neither shall disparage the other in the presence or hearing of the child. The defendant is further ordered to complete parenting education within three months.
The defendant is forty five years old and is employed as a counselor/case manager for patients suffering from mental health disorders. A high school graduate with a certificate in medical administration from the Moore School of Business, she is pursuing a master's degree at Cambridge College. She does not have a bachelor's degree, but the master's program gives her credit for work experience. Her employment is stable. She earns $586 per week gross from her principal employment. She suffered a back injury at work in 1981 and a neck injury in an automobile accident some years later. These injuries continue to cause her pain, but do not interfere with her ability to work in her present occupation.
The plaintiff is forty two years old and is employed in the field of information technology/internet development for Aetna at an annual salary of $75,000 ($1,442 weekly). He completed one year of college at Central Connecticut State University and one and a half years at the Greater Hartford Community College. At the time of the marriage, he worked part time and went to school, with the defendant providing most of the household income. That arrangement did not continue for long before he began full time employment.
The parties' marital home, their third, has a value of $140,000 and equity of $124,000. It was acquired with a portion of the funds realized by the sale of two prior homes, including one on Baltic Street in Hartford owned by the defendant at the time of the marriage. She had purchased and refurbished the Baltic Street house in part with funds borrowed from her sister which were to be repaid from its sale. The funds were never repaid, and it does not appear that they will be. Of the $20,000 to $22,000 realized from the sale of the Baltic Street house, only $15,000 was invested in the second house. In addition, the parties purchased a condominium presently valued at $55,000. It was purchased with the proceeds of a $40,000 second mortgage on the marital home. The first mortgage on the marital home has CT Page 13488 been paid off, and the remaining $16,000 mortgage is the balance of the second mortgage. Although the condominium was originally purchased to provide a home for the parties children as they became adults and were starting out, through the actions of the defendant it has become a home for their oldest daughter, Thelma, who has been permitted to live there and now does so without the payment of rent.
During the pendente lite period, each party spent assets that were marital property. The defendant has spent more than $37,000 in marital assets. Although some of the funds were for household expenses, $2,000 was spent to re-carpet the condominium where Thelma resides and another $5,000 was spent for tuition for Thelma, now an adult. Taking into account her income of $30,000 per year, the amount she has received in support payments, and the amount she has borrowed, she has spent $200,000 between 1996 and 1998. The amount is well beyond her means, and the pattern of spending has not always been prudent.
The defendant assigns the relationship between the plaintiff and another woman as the cause of the dissolution. The relationship existed prior to the initial separation, but had not yet become physical at that time. The plaintiff claims that the breakdown of the marriage occurred well before the separation, when the parties ceased to communicate or to enjoy shared activities together. Having heard all the evidence, the court finds that neither party is more at fault than the other in causing the breakdown of the marriage. The plaintiff increasingly withdrew from the marriage for several years prior to the separation, while the defendant devoted a disproportionate amount of time during the same period to the acquisition of assets not necessary for the marriage.
Including the $21,750 of marital assets spent by the plaintiff during the pendente lite period and the $37,000 spent by the defendant during that period, the total assets of the parties are $464,241. Of these, $243,066 are in the plaintiff's possession or have been spent by him, and $200,935 are in the defendant's possession or were spent by her.
In making its orders, the court has taken into consideration the criteria set forth in Sections 46b-62, 46b-81, 46b-82, and46b-84, the Child Support Guidelines, relevant case law, the stipulations of the parties, and the evidence and findings. The court orders: CT Page 13489
 1. Within thirty days, the plaintiff shall convey to the defendant all his right, title and interest in and to the real property located at 54 Lancaster Drive. The defendant shall hold him harmless and indemnify him from any and all real estate taxes, mortgage payments, interest payments, mortgage arrearages and penalties, utilities, and all other costs or expenses incurred or accumulated on account of the ownership of the said real property prior to the date of the transfer.
 2. Within thirty days, the defendant shall convey to the plaintiff all of her right, title and interest to the condominium located at 341 Dunfey Lane, in its present condition with fixtures and carpets intact, free of any occupant.
 3. Within sixty days, the plaintiff shall pay the defendant the principal balance of the second mortgage on 54 Lancaster Drive, based upon the remaining principal as of November 23, 1998, but not including any back payments for principal, interest, late fees, or other costs which are the responsibility of the plaintiff under Paragraph 1 hereof. The time for this payment may be extended by thirty days if the plaintiff require that time to mortgage the condominium to obtain the funds.
 4. The plaintiff shall transfer to the defendant by Qualified Domestic Relations Order (QDRO) the entire amount of his pension, which is listed on his financial affidavits as having a value of $26,000 but the value of which is found by the court to be $40,562.40. Each party shall retain the other retirement accounts and retirement savings plans listed on their respective financial affidavits.
 5. Each party shall retain the automobile(s) listed on their respective financial affidavits.
 6. The plaintiff shall pay the defendant $193 per week as child support for the minor child until she reaches the age of eighteen or graduates from high school but in no event past her nineteenth birthday. The amount is consistent with the child support guidelines.
 7. The defendant shall maintain the child on medical insurance as it is available without cost through her employer. If the defendant's health insurance plan changes to require payment for the child, the plaintiff shall, at the defendant's option, pay CT Page 13490 the defendant for the cost, in which case the defendant shall maintain coverage for the child, or shall obtain medical insurance for the child himself. The custodial parent shall have all rights with respect to such insurance as are set forth in Section 46b-85 of the General Statutes. The parties shall share equally any unreimbursed medical expenses for the child.
 8. The plaintiff shall pay the defendant $150 per week as alimony for fifteen years. Alimony shall terminate on the death of either party or upon the remarriage of the wife, but shall not otherwise be modifiable as to term. Alimony shall be modifiable as to amount upon the wife's cohabitation or upon a substantial change in the circumstances of either party.
 9. Pursuant to the stipulations of the parties at trial, each has custodial accounts for the benefit of the minor child, and both have agreed that those accounts be made joint custodial accounts requiring the signatures of both for withdrawal. The parties have further stipulated that they will hold the accounts for the benefit of the child beyond her eighteenth birthday, and will submit to the continuing jurisdiction of the court with respect to those accounts. Plaintiff's counsel will prepare a written stipulation describing the agreement of the parties and specifying the names and numbers of the accounts which are covered by it, which may be part of the judgment file, and both parties shall execute the stipulation. Connecticut General Statutes, Section 46b-66.
 10. Each party will indemnify and hold the other harmless on account of any liability for federal and state income taxes for the years 1996, 1997, and 1998 which is attributable to their respective income or deductions claimed for those years.
 11. The parties shall submit to mediation services with the Family Relations division with respect to their claims for personal property. The court will retain jurisdiction to hear evidence and enter further orders concerning personal property if the mediation is not successful.
 12. The parties will be responsible for and hold the other harmless on account of debts listed on their respective financial affidavits.
 13. The plaintiff shall make the minor child beneficiary of $20,000 of the life insurance listed on his financial affidavit so long CT Page 13491 as he has an obligation to pay child support, and shall make the wife the beneficiary of $80,000 of the life insurance listed on his financial affidavit so long as he has an obligation to pay alimony. This order is in the nature of support, and is modifiable.
 12. Plaintiff's counsel will prepare a judgment file within thirty days.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.